# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 17-1350-DSF (SP) | Date | September 24, 2018 |
| Title | RALPH JOSEPH CABRERA v. COUNTY OF RIVERSIDE, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order to Show Cause Why Case Should Not Be Dismissed for Failure to Prosecute**

On July 5, 2017, plaintiff Ralph Joseph Cabrera, who was then a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On September 15, 2017, defendants filed a motion to dismiss. Three days later defendants applied to stay the case pending a settlement conference. The court granted the request and stayed the case pending completion of a settlement conference.

On August 28, 2017, prior to the filing of defendants' motion to dismiss and application for a stay, plaintiff filed a notice of a change in his address to a treatment center in Pasadena. Plaintiff has not since filed any additional notices of a change in address. Thus, plaintiff's address of record with the court is the address he reported on August 28, 2017.

Since staying the case, the court has attempted to contact plaintiff to schedule a settlement conference; however, the court has been unable to reach plaintiff. He was apparently released from custody, and the court has been unable to contact him at his address of record, including efforts made some months ago.

On September 4, 2018, the court issued an order lifting the stay of this action, and directing plaintiff to update his address of record. In its September 4, 2018 order, the court advised plaintiff that it appeared he failed to follow Local Rule 41-6's requirement to promptly notify the court of a change of address, which states as follows:
> If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-1350-DSF (SP) | Date | September 24, 2018 |
|---|---|---|---|
| Title | RALPH JOSEPH CABRERA v. COUNTY OF RIVERSIDE, et al. | | |

date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The court ordered plaintiff to respond to the order by September 19, 2018, by informing the court of his current address of record. That deadline has passed, and plaintiff has not informed the court of his current address of record or otherwise communicated with the court. Moreover, the copy of the September 4, 2018 that was mailed to plaintiff at his address of record was returned to the court on September 17, 2018 as undeliverable. It therefore appears that plaintiff has failed to follow the court's September 4, 2018 order, and has failed to keep the court updated with his current address of record as required by Local Rule 41-6 and paragraph 8 of the court's July 20, 2017 order in this case. Plaintiff's failure to comply with the court's orders and failure to comply with Local Rule 41-6 renders this action subject to dismissal for failure to comply with a court order and failure to prosecute.

Accordingly, within **fourteen (14)** days of the date of this Order, that is, by **October 8, 2018**, plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with a court order. Plaintiff is cautioned that his failure to timely file a response to this Order to Show Cause will be deemed by the court as consent to the dismissal of this action without prejudice.